(83 App. Div. 144.)

## BROWNING v. BELFORD.

(Supreme Court, Appellate Division, Second Department.   May 28, 1903.)

1. CARRIERS—CARTMAN—LIEN—DAMAGE TO PROPERTY.
   A cartman is not entitled to a lien for his transportation charges, given by an ordinance, where the goods were injured in transit to an amount in excess of the charges.

2. SAME—COMPLIANCE WITH ORDINANCE.
   A city ordinance gave a cartman a lien for charges of goods transported, provided he should convey the property to the property clerk of the police department, or to a convenient storage warehouse, to be stored, subject to all charges incurred, and gave a notice, with a statement of particulars, at once, to the bureau of licenses. *Held*, that a cartman was not entitled to a lien where he retained the property in his own possession and sent no notice as required.

Appeal from Municipal Court of City of New York.

Action by Sarah W. Browning against William J. Belford. From a judgment for plaintiff, defendant appeals.   Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Charles F. Brandt, for appellant.

Evan L. Tamblyn and Paul Bonynge, for respondent.

HIRSCHBERG, J.   The plaintiff has recovered judgment for the possession of certain articles of personal property, with a small sum for damages by reason of injury to the articles while in the defendant's possession.   A number of technical points are presented by the appellant, but none of them is deemed worthy of extended consideration, excepting the claim on the part of the appellant to retain the possession of the property by virtue of a public cartman's lien. The property was a part of certain household effects in the plaintiff's possession on Governor's Island in October, 1902, which she caused to be transported to the Pacific Street Dock, in the borough of Brooklyn, and which the defendant was employed to move from the dock to her home, in Clinton street, in two van loads, at $5 a load. Because of the bad condition in which the property arrived at its destination, the plaintiff refused to pay the charge for cartage, whereupon the defendant took the articles in question to hold under his alleged lien, and retained them at his premises in Brooklyn until they were replevied by the plaintiff in this action.

The provision of the city ordinance under which the defendant's lien is claimed is as follows:

"Every public cartman shall be entitled to be paid the legal rate of compensation herein provided immediately after the transportation and before actual delivery, and in default of such payment to retain a load or part thereof sufficient to secure charges, and convey the same promptly to the property clerk of the police department, or to a convenient storage warehouse, where the same may be left on storage, subject to all charges incurred, including cartage to place of deposit.   A notice, in writing, with a brief statement of particulars, shall be sent at once by the cartman to the bureau of licenses."

---

¶ 1. See Carriers, vol. 9, Cent. Dig. § 898.

The defendant acquired no lien under the ordinance. There could be no lien, in any event, unless there was a valid and enforceable claim for services, and the proof fully justifies the conclusion reached by the trial court that the articles were injured in transit by the defendant to an amount in excess of the charge for cartage. Moreover, the defendant wholly failed to comply with the requirements and conditions of the ordinance, upon compliance with which the integrity and validity of a lien created by statute must be deemed to depend. He did not convey the property either to the property clerk of the police department, or to a convenient storage warehouse, but retained it in his own possession. Nor did he send a notice, in writing, with a brief statement of the particulars, to the bureau of licenses. Having thus failed in each and every respect to obey the mandate of the ordinance, he failed to acquire the privilege which it was designed to confer, and thereby failed to establish any right to withhold from the plaintiff the possession of her property. The judgment should be affirmed.

Judgment of the Municipal Court affirmed, with costs. All concur.